# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Dorothea Cornelius Muhammad and
Ali S. Muhammad,

    Plaintiffs,

v.

Humanadental Insurance Company,

    Defendant.

CIVIL ACTION NO.
1:09-cv-01941-JOF

## OPINION & ORDER

This matter is before the court on Defendant's motion to dismiss [2]; Plaintiffs' motion to remand [3]; Defendant's motion for leave to file sur-reply [13]; and Plaintiffs' motion to strike answer [16].

## I.  Background

Plaintiffs, Dorothea Corneluis Muhammad and Ali S. Muhammad, proceeding *pro se*, filed suit against Defendant HumanaDental Insurance Company, on May 22, 2009, in the Superior Court of Fulton County, raising a claim of breach of insurance contract for failure of HumanaDental to pay approximately $32,475 in claims for dental work. Plaintiffs also allege that Defendant's acts have "held them up to ridicule, endangering and lessening the faith and trust they might have with those doing business with them from time to time."

Plaintiffs seek $100,000 in compensatory damages and $27,240 in punitive damages. Defendant removed the suit to this court on July 17, 2009, contending that because Plaintiffs seek benefits under an employee welfare benefit plan, the complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and therefore, the court has federal question jurisdiction.

Plaintiffs filed the instant motion to remand arguing that Defendant had been served with the complaint on May 26, 2009, by service on the Secretary of State of Georgia, and therefore, the July 17, 2009, removal is untimely. Defendant responds that service on the Secretary of State was inappropriate as HumanaDental has had a registered agent listed with the Secretary of State's office, therefore, service was not effectuated on Defendant until June 19, 2009, when a summons and complaint was served on HumanaDental's registered agent, Corporation Service Company.

On its motion to dismiss, Defendant argues that the state law claims raised by Plaintiffs in their complaint are preempted by ERISA because the case involves an employee welfare benefits plan and Plaintiffs' state law claims "relate to" the plan so as to be preempted. Plaintiffs respond that they have couched their claims in terms of state law causes of action and the presence of a federal statute does not mandate jurisdiction in federal court.

**II. Discussion**

    **A.    Service Issues**

There appears to be no factual dispute about the events in the service of process of the instant complaint, although the parties do disagree as to the legal significance of those facts. Plaintiffs filed the instant complaint on May 22, 2009. On May 26, 2009, Crystal Byrd, of Attorneys' Personal Service, Inc., served Kendra Nelson of the Georgia Secretary of State's Office with the complaint. In her service affidavit, Ms. Byrd asserted that Ms. Nelson was authorized to accept service for Defendant as agent for the Secretary of State of Georgia. Apparently, Plaintiffs had accessed the Georgia Secretary of State's website and searched Defendant under "Business Name History." At the time Plaintiffs accessed the website, the link did not list a registered agent for HumanaDental Insurance Company; therefore, Plaintiffs chose to serve the Secretary of State.

While Ms. Nelson accepted the complaint handed to her by the service processor, on June 10, 2009, the Secretary of State's Office sent a "Return of Service" document to Elizabeth Smith at Attorneys' Personal Service, Inc. The "Return of Service" references the May 26, 2009, delivery of Plaintiffs' complaint to the Secretary of State's Office and states:

> We appreciate your filing, but according to our records the above-referenced company [HumanaDental] has a registered agent named: Corporation Service Company. . . . Perhaps, there was a temporary problem with the website that caused the agent information to be missing previously.

3

*See* Plaintiffs' Exh. C. Thus, the Secretary of State's Office did not accept service of the complaint which had been attempted on May 26, 2009. As a consequence, Attorneys' Personal Service, Inc., served Corporation Service Company, the registered agent of HumanaDental on June 19, 2009.

Thus, the affidavit filed by Chauncey Newsome, the Director of Corporations Division for the Georgia Secretary of State, is correct in its statement that the "Secretary of State's Office has no record of accepting service of any document on behalf of HumanaDental Insurance Company." *See* Newsome Aff., ¶ 3. Further, the records of the Secretary of State's Office show that Corporation Service Company has been the registered agent of HumanaDental for at least three years. *Id.*, ¶ 4 & Exhs. A-C (showing annual registration forms for 2007-2009).

Under Georgia law, service on a foreign corporation registered to do business in Georgia is governed by O.C.G.A. § 9-11-4(e)(1) which provides:

> If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of

4

> State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that the corporation has failed either to maintain a registered office or to appoint a registered agent in this state. Further, if it shall appear from such certification that there is a last known address of a known officer of the corporation outside the state, the plaintiff shall, in addition to and after such service upon the Secretary of State, mail or cause to be mailed to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint. Any such service by certification to the Secretary of State shall be answerable not more than 30 days from the date the Secretary of State receives such certification . . .

*Id.* Thus, the statute instructs that service is to be made on the agent or president or other officer of the corporation. Only when service in that manner cannot be perfected is the Secretary of State to be considered the agent of the corporation. When filing is made on the Secretary of State's Office, it is to be accompanied by a certification in writing that service was attempted on the last registered agent listed in the records and if no agent is listed, then the plaintiff is to certify that he has mailed the complaint via registered or certified mail to the last known address of the last known officer.

There is no dispute that the record located by Plaintiffs when they viewed the Secretary of State's website does list the Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant, all individuals located in Louisville, Kentucky. However, no certification was made that Plaintiffs sent a copy of the summons and complaint by registered mail to those officers. Therefore, although Plaintiffs delivered a copy of the

5

summons and complaint to the Secretary of State's Office on May 26, 2009, that delivery had no legal effect. The June 10, 2009, "Return of Service" mailing by the Secretary of State's Office informed Plaintiffs' service processor that the May 26, 2009, service was deficient and that is why the service processor perfected service on Corporation Service Company on June 19, 2009. That is the date of service with legal effect. Thus, the court concludes that Defendant's removal on July 17, 2009, is timely. *See also TC Drywall & Plaster, Inc. v. Express Rentals, Inc.*, 287 Ga. App. 624 (2007) ("a plaintiff cannot substitute service upon a corporation by serving the Secretary of State under that statute when the plaintiff has actual knowledge of the corporation's location" and "[s]ubstituted service 'is proper *only* after a plaintiff has attempted to serve the persons listed in the statute'") (citations omitted) (emphasis in original).

The court does not doubt that Plaintiffs searched the website and found no Registered Agent listed for HumanaDental. In fact, the Secretary of State's "Return of Service" document presumes that this happens on occasion and attributes this issue to difficulties with the website. Plaintiffs' argument that whatever issues happened with the website are the responsibility of HumanaDental, is without merit. There are no grounds for placing the burden of satisfactory functioning of the Secretary of State's website at the feet of HumanaDental. There is no dispute that HumanaDental correctly filed its annual

6

AO 72A
(Rev.8/82)

registration forms with the Secretary of State's Office and those forms listed Corporation Service Company as HumanaDental's Registered Agent.

Were this a situation where the timeliness of service were an issue for Plaintiffs under Federal Rule of Civil Procedure 4(m) or O.C.G.A. § 9-11-4, it is likely that the court would consider whether difficulties with the Secretary of State's website would constitute "good cause" for a failure to timely serve. But in the current procedural posture, Plaintiffs suffer no prejudice from a determination that effective service was made on June 19, 2009. As the court explains below, it is clear that Plaintiffs' complaint is governed by ERISA and therefore, the district court has federal question jurisdiction over the complaint. Defendant has gained no unfair advantage by the court's determination that its removal was timely based on a June 19, 2009, service.

The court notes that relying on their theory that Defendant has procured false testimony from an official of the Secretary of State's office, Plaintiffs have written to the Secretary of State asking that action be taken against the employee. The court has explained above that Mr. Newsome's affidavit correctly notes that no effective service was made on HumanaDental with the Secretary of State's Office. Therefore, Mr. Newsome has made no false statements in his affidavit.

Plaintiffs have also filed a motion to strike Defendant's answer as untimely based on a service date of May 26, 2009. As the court has explained above, however, effective

7

service was made on June 19, 2009. Therefore, the court DENIES Plaintiffs' motion to strike Defendant's answer [16].

### B. Jurisdictional Issues

Finding that Defendant's notice of removal is timely, the court turns next to a consideration of Defendant's argument that this court has jurisdiction over Plaintiffs' complaint under federal question jurisdiction. On a motion to remand, the party that removed the action to federal court bears the burden of proving the existence of federal jurisdiction. *See Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). All doubts with respect to federal jurisdiction should be resolved against removal and in favor of remand to state court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

In their complaint, Plaintiffs allege that Dorothea Cornelius Muhammad obtained insurance with HumanaDental through her employment with Pine State Mortgage Company in December 2007. *See* Cmplt., ¶ 3. Plaintiffs incurred $32,475 in charges from four dental providers. *Id.*, ¶ 4. Defendant has refused to pay the claims. *Id.*, ¶ 6. Plaintiffs ask the court to issue an order compelling Defendant to make the payments. *Id.*, ¶ 7. In Count II of their complaint, Plaintiffs allege that "Defendant's acts and failures to act have held them up to ridicule, endangering and lessening the faith and trust they might have with those doing business with them from time to time and others coming in contact with such business

8

persons and others." *Id.*, ¶ 9. Plaintiffs also contend in their jurisdictional allegations that "Defendant is in violation of the Georgia Deceptive Practices Act [sic] of 1975." *Id.*, ¶ 2.

Defendants argue that Plaintiffs' complaint is governed by ERISA. Plaintiffs respond that "it does not follow, merely because a federal statute may be involved, that such question is determination of the case especially where the Complaint does not call for same and the case can be determined on state grounds." *See* Motion to Remand, at 3. Plaintiffs aver that their complaint is "a mere collection lawsuit seeking to collect benefits due for dental service which can and should be determinative solely under state law. No federal subject matter jurisdiction exists, neither is it needed to make a full determination of the debtor, creditor, beneficial claim existence. The debt is clearly owed or not owed under state law." *Id.* at 5.

The Eleventh Circuit has discussed the various forms of preemption in ERISA cases. *See Ervast v. Flexible Products Co.*, 346 F.3d 1007 (11th Cir. 2003). Complete or super-preemption is a jurisdictional matter that is distinct from "defensive preemption" or whether a defendant may raise ERISA as an affirmative defense. *Id.* at 1012. Defensive preemption applies through 28 U.S.C. § 1144(a) which states: "Except as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supersede any and all State laws insofar as they . . . *relate* to any employee benefit plan." While defensive preemption cannot

9

provide the basis for federal jurisdiction, it does require that state law claims be dismissed. *Id.* at 1012 n.6.

The Eleventh Circuit set forth its four-part test for determining the jurisdictional issue of super-preemption under ERISA in *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999). The court must consider whether: (1) a relevant ERISA plan exists, under which a (2) plaintiff with standing is suing (3) an ERISA entity for (4) compensatory relief akin to that available under § 1132(a) – often a claim for benefits due under a plan. *Id.* at 1212. Section 1132(a)(1)(B) allows suit by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." If a court determines that a plaintiff's state law claim is seeking this type of relief, the state law claim is converted into a federal claim under § 1132 and the suit can be removed on the basis of federal jurisdiction. *See Ervast*, 346 F.3d at 1014. If a state law claim is subject to defensive preemption, whether it is brought in state or federal court, "the defendant may raise the defense that the claims are preempted by ERISA under § 1144, and should be dismissed. Super-preemption, on the other hand, *recharacterizes* the state law claim into a federal claim under § 1132, so long as the other three *Butero* elements are present." *See id*.

10

It is clear that Plaintiffs' complaint satisfies the four *Butero* elements. A relevant ERISA plan exists as Plaintiffs contend Dorothea Cornelius Muhammad was enrolled in a dental plan with HumanaDental as a result of her employment with Pine State Mortgage. Plaintiffs have standing to sue as the individuals incurring the charge and participants in the Plan. HumanaDental is an ERISA entity because it sponsors the plan. Finally, the relief sought by Plaintiffs – payment of the charges incurred for dental services – is akin to the relief available under § 1132(a) benefits of the plan. Thus, Plaintiffs' state law claims are super-preempted and this court has jurisdiction over Plaintiffs' claims.[1]

The court turns next to a consideration of whether Plaintiffs' state law claims are defensively preempted by ERISA. If state law claims are defensively preempted, the court must dismiss them. As the court explained above, 28 U.S.C. § 1144(a) states that the ERISA statutory scheme "shall supersede any and all State laws insofar as they . . . *relate* to any employee benefit plan." *Id. See also Jones v. LMR International, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006); *Engelhardt v. Paul Revere Life Insurance Co.*, 139 F.3d 1346, 1352-53 (11th Cir. 1998); *Franklin v. WHG of Gadsden, Inc.*, 127 F.3d 1024, 1026-27 (11th Cir. 1997);

---

[1] Defendant has attached copies of certain plan documents, such as the group application and the group certificate, to its motion to dismiss. Plaintiffs object that these documents have been "planted" and ask the court to convert Defendant's motion to dismiss into a motion for summary judgment. The court is permitted to consider documents such as these on a motion to dismiss where they are central to the plaintiff's claims. *See Brooks v. BCBS of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). There is no need to convert Defendant's motion to dismiss into a motion for summary judgment.

*Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997) (state law claims "relate to" ERISA plans when "the alleged conduct at issue is intertwined with the refusal to pay benefits"); *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040 (11th Cir. 1995).

It is clear that Plaintiffs' claims "relate to" an employee benefit plan because Plaintiffs allege that Defendant has refused to pay charges for dental services covered under the plan Dorothea Cornelius Muhammad enrolled in through her employment with Pine State Mortgage. *Butero* instructs that if the court determines a plaintiff's state law claims are defensively preempted, the court should dismiss them with leave to re-file. Therefore, the court GRANTS Defendant's motion to dismiss [2] and the court DISMISSES WITHOUT PREJUDICE Plaintiffs' complaint.[2]

---

[2]Because the court dismisses Plaintiffs' claims without prejudice, the court notes the following. Generally, ERISA plaintiffs are required to exhaust all available administrative remedies before they file an action in federal court. *See*, *e.g.*, *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000); *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995). Furthermore, extra-contractual damages, such as compensatory or punitive damages, are not available under ERISA. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222 (11th Cir. 2008); *Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996).

AO 72A
(Rev.8/82)

### III. Conclusion

The court GRANTS Defendant's motion to dismiss [2]; DENIES Plaintiffs' motion to remand [3]; GRANTS Defendant's motion for leave to file sur-reply [13]; and DENIES Plaintiffs' motion to strike answer [16].

The Clerk of the Court is DIRECTED to DISMISS WITHOUT PREJUDICE Plaintiffs' complaint.

**IT IS SO ORDERED** this 16th day of October 2009.

                                        /s   J. Owen Forrester
                                        J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)