# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Dorothea Cornelius Muhammad and
Ali S. Muhammad,

      Plaintiffs,

v.

Humanadental Insurance Company,

      Defendant.

CIVIL ACTION NO.
1:09-cv-01941-JOF

## OPINION & ORDER

This matter is before the court on Plaintiffs' motion for reconsideration [21].

Plaintiffs, Dorothea Corneluis Muhammad and Ali S. Muhammad, proceeding *pro se*, filed suit against Defendant HumanaDental Insurance Company, on May 22, 2009, in the Superior Court of Fulton County, raising a claim of breach of insurance contract for failure of HumanaDental to pay approximately $32,475 in claims for dental work. Plaintiffs also alleged that Defendant's acts have "held them up to ridicule, endangering and lessening the faith and trust they might have with those doing business with them from time to time." Plaintiffs sought $100,000 in compensatory damages and $27,240 in punitive damages. Defendant removed the suit to this court on July 17, 2009, contending that because Plaintiffs seek benefits under an employee welfare benefit plan, the complaint is governed by the

Employee Retirement Income Security Act of 1974 ("ERISA") and therefore, the court has federal question jurisdiction.

Plaintiffs then filed a motion to remand arguing removal was untimely. Defendant filed a motion to dismiss arguing that Plaintiffs' state law claims were preempted by ERISA because the case involved an employee welfare benefits plan and Plaintiffs' state law claims "relate to" the plan so as to be preempted. On October 19, 2009, the court issued an order denying Plaintiffs' motion to remand and granting Defendant's motion to dismiss. The court found that Defendant's removal was not untimely and that Plaintiffs' claims were preempted by ERISA.

Plaintiffs then filed the instant motion for reconsideration. Plaintiffs' motion for reconsideration makes the same arguments with respect to the timeliness of service that the court has already addressed in its October 19, 2009, order. The fact that the Secretary of State's Office received on May 26, 2009, from Plaintiffs' service of process agent a copy of the complaint does not mean that May 26th is the date upon which Defendant was legally served with process. Defendant had properly listed its registered agent with the Secretary of State. Under Georgia law, service must be made upon that agent, and Plaintiff did not serve that agent until June 19, 2009. As the court also explained, were the date of service an issue that affected Plaintiffs' statute of limitations, for example, the confusion might be good cause for failure to timely serve on Plaintiffs' part. But, here, the date for removal of

2

Plaintiffs' complaint is from the proper date of service on Defendant, which is June 19, 2009.

For these reasons, the court DENIES Plaintiffs' motion for reconsideration [21].

**IT IS SO ORDERED** this 10th day of February 2010.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

3